UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 25-cr-20725
                                        Hon. Matthew F. Leitman

v.

AMMAR ABDULMAJID MOHAMED SAID,

        Defendant.

---

## STIPULATION TO CONTINUE THE MOTION CUT-OFF PLEA CUT-OFF/FINAL PRETRIAL CONFERENCE AND TRIAL AND FIND EXCLUDABLE DELAY

---

The parties stipulate to continue the motion cut-off date from October 30, 2025, to March 2, 2026, the plea cut-off date from November 13, 2025, to March 16, 2026, the final pretrial conference date from November 25, 2025, at 11:00 AM to April 1, 2026, at 2:00 PM, and the trial date from December 16, 2025, at 9:00 AM to April 14, 2026, at 9:00 AM. The parties further stipulate, and jointly move for the Court to find, that the time period between October 14, 2025, and the new trial date of April 14, 2026, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- On May 13, 2025, a Criminal Complaint charged Defendant, Ammar Abdulmajid-Mohamed Said, with 18 U.S.C § 2339B, attempting to provide material support and resources to a designated foreign terrorist organization, and 18 U.S.C § 842(p)(2), distributing information related to a destructive device. Defendant was arrested on the Complaint.

- On May 14, 2025, Defendant made his initial appearance on the Complaint. He consented to detention without prejudice.

- Defendant's preliminary examination was originally scheduled for May 28, 2025. The parties stipulated, however, to two orders continuing the preliminary examinations (ultimately until October 10, 2025), so the government could provide certain pre-indictment discovery.

- The parties also noted the case was complex and required the negotiation of a protective order to address discovery in this matter. *See* ECF No. 13, PageID.61 (entry of protective order).

- During this time-period, the government provided limited discovery and arranged for defense counsel to examine certain video evidence at the offices of the Federal Bureau of Investigation.

- An Information was filed on September 25, 2025, charging the defendant with the same crimes alleged in the Complaint, *see* ECF No. 20, PageID.86, and defendant was arraigned on the Information on October 10, 2025.

- The Court issued a Scheduling Order on October 14, 2025. *See* ECF No. 22, PageID.92.

- This matter remains complex and additional voluminous discovery will be produced to the defendant. Counsel will need additional time to review the discovery and, thereafter, to determine how the defendant wants to proceed in this case.

- Indeed, the government anticipates filing a motion for an order designating the case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), which the defendant does not anticipate opposing.

- Additionally, once defense counsel has fully reviewed all of the discovery, the parties will need additional time to engage in plea negotiations, determine if motions need to be filed, and, if those negotiations fail, to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the Speedy Trial Act's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

The parties therefore request that the Court grant the continuance of the motion cut-off date, the plea cut-off date, the final pretrial conference date and the trial date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

**IT IS SO STIPULATED**.

*s/Douglas C. Salzenstein*
Douglas C. Salzenstein
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

*s/Michael Carter (with consent)*
Michael Carter
Elizabeth Young
Federal Community Defenders
613 Abbott, 5th Floor
Detroit, MI 48226

*s/William W. Swor (with consent)*
William W. Swor
2450 Guardian Building
500 Griswold Street
Detroit, MI 48226

Date: October 14, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

AMMAR ABDULMAJID MOHAMED SAID,

      Defendant.

Case No. 25-cr-20725
Hon. Matthew F. Leitman

_____

**ORDER CONTINUING THE MOTION AND PLEA CUT-OFF,
THE FINAL PRETRIAL CONFERENCE AND TRIAL
AND FINDING EXCLUDABLE DELAY**

_____

The Court has considered the parties' stipulation and joint motion to continue the trial date, the final pretrial conference, the plea cut-off date, and the motion cut-off date, and for a finding that the time period from October 14, 2025, to April 14, 2026, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from October 14, 2025, to April 14, 2026, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- On May 13, 2025, a Criminal Complaint charged Defendant, Ammar Abdulmajid-Mohamed Said, with 18 U.S.C § 2339B, attempting to provide material support and resources to a designated foreign terrorist organization, and 18 U.S.C § 842(p)(2), distributing information related to a destructive device. Defendant was arrested on the Complaint.

- On May 14, 2025, Defendant made his initial appearance on the Complaint.  He consented to detention without prejudice.

- Defendant's preliminary examination was originally scheduled for May 28, 2025. The parties stipulated, however, to two orders continuing the preliminary examinations (ultimately until October 10, 2025), so the government could provide certain pre-indictment discovery.

- The parties also noted the case was complex and required the negotiation of a protective order to address discovery in this matter. *See* ECF No. 13, PageID.61 (entry of protective order).

- During this time-period, the government provided limited discovery and arranged for defense counsel to examine certain video evidence at the offices of the Federal Bureau of Investigation.

- An Information was filed on September 25, 2025, charging the defendant with the same crimes alleged in the Complaint, *see* ECF No. 20,

PageID.86, and defendant was arraigned on the Information on October 10, 2025.

- The Court issued a Scheduling Order on October 14, 2025. *See* ECF No. 22, PageID.92.

- This matter remains complex and additional voluminous discovery will be produced to the defendant. Counsel will need additional time to review the discovery and, thereafter, to determine how the defendant wants to proceed in this case.

- Indeed, the government anticipates filing a motion for an order designating the case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), which the defendant does not anticipate opposing.

- Additionally, once defense counsel has fully reviewed all of the discovery, the parties will need additional time to engage in plea negotiations, determine if motions need to be filed, and, if those negotiations fail, to prepare for trial.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate

preparation for the trial before the expiration of the Speedy Trial Act's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

**IT IS THEREFORE ORDERED** that the time from October 14, 2025, to April 14, 2026, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS FURTHER ORDERED** that the motion cut-off date is adjourned from October 30, 2025 to March 2, 2026, the plea cut-off date is adjourned from November 13 2025 to March 16, 2026, the final pretrial conference date is adjourned from November 25, 2025 at 11:00 AM to April 1, 2026 at 2:00 PM, and the trial date is adjourned from December 16, 2025 at 9:00 AM to April 14, 2026 at 9:00 AM.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2025